UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Manuel Seavaun Young, # 228856 (CCDC), *fka Manuel Seacaun Young, # Y-241942*, | ) **C/A No. 9:11-0840-MBS-BM** |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| United States of America, | ) |
| Respondent. | ) |

### *Background of this Case*

Petitioner is a federal prisoner at the Charleston County Detention Center in Charleston, South Carolina. He has brought a Section 2241 action against the United States concerning his convictions in *United States v. Manuel Young*, Criminal No. 2:09-CR-0465-PMD-1. A jury trial was held in that case before the Honorable Patrick Michael Duffy, United States District Judge, on March 8, 2011. The jury found Petitioner guilty on count 1 (possession with intent to distribute crack cocaine), not guilty on count 2 (use of a firearm during a drug trafficking crime), and guilty on count 3 (possession of firearm by convicted felon). *See* ECF No. 127 and ECF No. 128 in Criminal No. 2:09-CR-0465-PMD-1. Petitioner is awaiting sentencing in Criminal No. 2:09-CR-00465-PMD-1.



1

Petitioner raises six grounds in the Section 2241 petition. Those grounds are: *(I)* "Evidence was tampered with and misplaced[;]" *(II)* Petitioner was never in possession of this object;[1] and *(III)* "Because of the weapon and Control Substance, [Petitioner] was indicted by the Government, if [Petitioner] did not have any one of these charges, [he] would have never been indicted by the Government[;]" *(IV)* Officer Burke's affidavit contained false statements and should not have been admitted into evidence; *(V)* ineffective assistance of trial counsel; *(VI)* racial pro-filing.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions the Anti-Terrorism and Effective Death Penalty Act of 1996 and other habeas corpus statutes, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, the Petition is subject to summary dismissal because the claims raised in the above-captioned case are not proper § 2241 grounds. The



---

[1]Petitioner refers to his conviction on count 3 as a conviction for the unlawful carrying of a pistol. *See* Petition (ECF No. 1), at page 2.

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has been resorted to only in limited situations — such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991). Indeed, a "prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994).

Since Petitioner is seeking relief from his two convictions entered on March 8, 2011, the relief requested by Petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *See United States v. Morehead*, No. 97 CR 391, 2000 WL 1788398 (N.D. Ill. Dec. 4, 2000); *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000)[Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...."]. The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

> Many decisions in this circuit hold that substance controls over the caption.
>
> Any motion filed in the district court that imposed the sentence, and substantively within



3

> the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States,* 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir.1996).

> *Melton v. United States,* 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a collateral attack, and because we had not granted permission for its commencement the district court was obliged to dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district judge alerts the prisoner that it will use up the one allowed as of right, see *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro* 's warn-and-allow-withdrawal approach does not apply. See *Melton,* 359 F.3d at 857.

*United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005). *See also United States v. Winestock,* 340 F.3d 200 (4th Cir. 2003); *United States v. Cooper*, 617 F.3d 307 (4th Cir. 2010); and *United States v. Nicholson*, 611 F.3d 191 (4th Cir. 2010).

Additionally, the above-captioned Section 2241 action is premature, as Petitioner has not yet been sentenced. Petitioner has available the remedies of post-trial motions,[2] a direct appeal, and a Section 2255 motion to vacate. *See, e.g., Davis v. Scott*, 176 F.3d 805, 807-808 (4th Cir. 1999) ("Leak-Davis was not the proper party to file the application; the application purported to seek relief

---

[2]As of April 11, 2011, no post-trial motions have been filed in Petitioner's criminal case.

4

pursuant to 28 U.S.C.A. § 2241 when it should have sought relief under 28 U.S.C.A. § 2255; and the application was premature because Davis's direct appeal was still pending at the time.").

### Recommendation

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring Respondent to file an answer or return. See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("[A] petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Petitioner's attention is directed to the important notice on the next page.

April 14, 2011
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

5



**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

